IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAI'I

| In re:         | Case No. 09-01439 (RJF) |
|----------------|-------------------------|
| Anekona, LLC   | (Chapter 11)            |
| Debtor.        |                         |

**MEMORANDUM IN SUPPORT OF MOTION**

LBUBS 2007-C2 ALII DRIVE, LLC (the "Lender"), respectfully submits this Memorandum in Support of its Motion for a determination that this bankruptcy proceeding is a single asset real estate case.

I. **RELEVANT FACTS**

On June 26, 2009 (the "Petition Date"), Anekona, LLC filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

Anekona is a Hawai'i limited liability company which owns and operates the Coconut Marketplace (the "Shopping Center") in North Kona, HI. Anekona leases the property on which the Shopping Center sits.[1] The Shopping Center and the Debtor's leasehold interests are collectively referred to as the "Property." Anekona has no other assets that are unrelated to its Shopping Center operation.

---

[1] The property under the Shopping Center is comprised of four parcels of land: one is leased to the Debtor by the Eugene Gregory Revocable Living Trust; two are leased to the Debtor by LRG Real Estate LP and the last is subleased by the Debtor from LRG Real Estate, who leases it from the State of Hawai'i.

### A. The Loan

On or about April 11, 2007, Anekona executed and delivered a Promissory Note in favor of Lehman Brothers Bank, FSB in the original principal amount of $17,200,000 (the "Note").[2] The Note is secured by a Fee and Leasehold Mortgage and Security Agreement dated April 11, 2007 (the "Mortgage"). By executing the Mortgage, Anekona encumbered its leasehold interests and LRG Real Estate LP[3] ("LRG") encumbered its fee simple interest in a portion of the property under the Coconut Marketplace and other assets (collectively, the "Collateral"), all of which are more particularly described in the Mortgage. The Mortgage is a first lien on the Property. At the Petition Date, the Secured Lender was owed in excess of $21,000,000.[4] Central Pacific Bank holds a second and third mortgage on the Property.

The Note and Mortgage and other loan documents (collectively, the "Loan") were subsequently transferred to US Bank National Association, successor to Wells Fargo Bank N.A., successor to LaSalle Bank National Association, as trustee for the registered holders of LB-UBS Commercial

---

[2] Concurrently with this Motion, the Secured Lender is filing a motion to authorize the court-appointed Receiver, Guido Giacometti, to continue managing the Debtor's property or, in the alternative, to appoint Mr. Giacometti as the Chapter 11 Trustee. The Secured Lender incorporates herein the declarations filed in connection with that motion.

[3] LRG is controlled by Joan Greenwell, Brian Anderson's mother-in-law.

[4] A recent appraisal obtained by the Secured Lender valued the Debtor's leasehold interest in the Property at $4.5 million and with LRG's fee simple interest at $11.1 million. Obviously, these values are significantly less than the debt owed to the Lender and it does not appear that the Debtor has any interest in the Property.

Mortgage Trust 2007-C2, Commercial Mortgage Pass-Through Certificates, Series 2007-C2. On February 27, 2009, the Loan was assigned to Lender. The Assignment of the Mortgage was duly executed pursuant to that certain Limited Power of Attorney dated February 12, 2009, which authorized LNR Partners, Inc., servicer of the Loan, to execute the Assignment documents.

## II. LEGAL ARGUMENT

The Bankruptcy Code defines "Single asset real estate" as:

> real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101 (51B). Indeed, a "single asset real estate" is "one in which the debtor performs functions intrinsic to owning and developing the real estate, and not one in which the debtor generates income from activities not incidental thereto." *See In re Kara Homes, Inc.*, 363 B.R. 399, 406 (Bankr. D. N.J. 2007). *See also In re Philmont Dev. Co.*, 181 B.R. 220, 224 (Bankr. E.D. Pa. 1995) (a "single asset real estate" encompasses an apartment building, office building, or strip-mall shopping center owned by an entity whose sole purpose is to operate that real estate with monies generated by the real estate); *In re MTM Realty Trust*, 2009 WL 612147, at *2 (Bankr. D. N.H. Mar. 9, 2009) (determining that the commercial real property was a single asset real estate where the debtor simply collected rents from the tenants, paid normal expenses associated with owning a commercial real estate building (*e.g.*, electricity,

phone services, insurance, taxes, trash removal and landscaping, and was not involved in any substantial business other than operating its real estate and incidental activities).

In this case, the sole asset owned by Anekona, LLC falls squarely within the definition of "single asset real estate." Anekona owns the leasehold interest in the Coconut Marketplace. The Coconut Marketplace is a shopping center that is located in North Kona, HI. The Debtor leases the property to various retail stores, service providers (such as a scuba school and a travel agency) and several restaurants. The Debtor's sole function is to operate the shopping center and to collect the rents generated thereby. No part of the property is residential. The rents generated by the shopping center are the sole source of income to the Debtor. Undoubtedly, this is a single asset real estate case.

Therefore, the Lender requests that the court make a determination pursuant to 11 U.S.C. §362(d)(3) that this proceeding constitutes a single asset real estate case such that the Debtor will be subject to the requirements set forth in that section of the Bankruptcy Code.

## III. CONCLUSION

For the foregoing reasons, the Lender requests that this Court determine that this bankruptcy case is a single asset real estate case.

DATED: Honolulu, Hawai'i, July 2, 2009.

/s/ Tina L. Colman
PAUL ALSTON
TINA L. COLMAN

Attorneys for Secured Creditor
LBUBS 2007-C2 Alii Drive, LLC